UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL ANGELO DITRAPANI,

        Petitioner,

v.

TONY TRIERWEILER,

        Respondent.

_____/

Case No. 1:18-cv-356

Honorable Janet T. Neff

## **OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I. **Factual allegations**

Petitioner Michael Angelo Ditrapani is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Following a jury trial in the Macomb County Circuit Court, Petitioner was convicted of two counts of first-degree criminal sexual conduct (CSC-I), Mich. Comp. L. § 750.520b, and two counts of second-degree criminal sexual conduct (CSC-II), Mich. Comp. L. § 750.520c. On August 12, 2015, the court sentenced Petitioner as a habitual offender-fourth offense, Mich. Comp. L. § 769.12, to concurrent sentences of 25 to 50 years on each CSC-I count and 6 to 15 years on each CSC-II count.

Petitioner, with the assistance of counsel, appealed his convictions to the Michigan Court of Appeals. Petitioner describes the issues he raised in that court; however, he acknowledges that he has lost most of his legal documents. His listing of issues is suspect in that it does not track the issues considered and resolved by the court of appeals. Based on the February 14, 2017, Michigan Court of Appeals opinion affirming Petitioner's convictions, it appears that Petitioner raised the following issues on appeal:

I. Trial counsel rendered ineffective assistance when he failed to file a motion to adjourn trial to pursue forensic investigation of electronic devices and social networking sites used by the two minor victims and their mother.

II. Trial counsel rendered ineffective assistance when he failed to adequately cross-examine the two minor victims and another minor witness.

III. Trial counsel rendered ineffective assistance when he failed to challenge prosecutorial misconduct during the prosecutor's questioning of the mother of the two victims and during the prosecutor's closing and rebuttal arguments.

IV. Petitioner's trial was rendered fundamentally unfair by prosecutorial misconduct, including the prosecutor's vouching for the credibility of the two victims and the prosecutor's appeal to the jurors' sympathy during closing and rebuttal arguments.

*People v. Ditrapani*, No. 329676, 2017 WL 603581 (Mich. Ct. App. Feb. 14, 2017).

Petitioner filed a pro per application for leave to appeal the court of appeals' decision in the Michigan Supreme Court. Petitioner does not identify the grounds he raised in the Michigan Supreme Court; instead, he simply references the grounds he raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave by order entered September 12, 2017. *People v. Ditrapani*, 900 N.W.2d 882 (Mich. 2017). Petitioner did not file a petition for certiorari in the United States Supreme Court. (Am. Pet., ECF No. 9, PageID.36.)

On March 29, 2018, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner has not supplied that date. Petitioner signed his application on March 26, 2018. (Pet., ECF No. 1, PageID.8.) The petition was received by the Court on March 29, 2018. I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Petitioner's description of his habeas issues is scattered throughout his amended petition. It appears he is trying to raise the four issues addressed by the Michigan Court of Appeals and several others:

V. Petitioner must be resentenced where the offense variables were calculated improperly.

VI. Petitioner must be resentenced where his minimum sentence is more than 2/3 of his maximum sentence.

VII. Petitioner's trial was unfair because evidence was withheld.

VIII. The trial court allowed hearsay testimony.

IX. The trial court abused its discretion by forcing Petitioner to stay with counsel after conflict of interest was shown. Petitioner had a right to replacement of counsel.

(Am. Pet., ECF No. 9, PageID.36-44.)[1] There is nothing in the petition or amended petition to suggest that these issues have been raised in the Michigan Court of Appeals or the Michigan Supreme Court. Petitioner indicates that these issues were raised in the trial court by way of a series of motions Petitioner filed beginning April 4, 2016.[2] Petitioner simply never appealed the denial of his motions.

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270,

---

[1] Petitioner filed a motion for writ of mandamus with his amended petition. (ECF No. 10.) The motion asks the Court to rely on the issues Petitioner stated in his initial petition (ECF No. 1), rather than his amended petition (ECF No. 9). By order entered May 16, 2018, the Court ordered Petitioner to submit an amended petition on the form provided and required by this Court. (ECF No. 8.) The amended petition takes the place of the initial petition. Nonetheless, the Court has not disregarded the initial petition. The Court has considered all of the arguments raised in Petitioner's initial petition as if it were a brief in support of his amended petition. Accordingly, the Court will enter an order denying Petitioner's motion for writ of mandamus.

[2] The Macomb County Circuit Court docket discloses that Petitioner filed a motion for writ of mandamus on April 4, 2016; a motion for relief from judgment on April 7, 2016; a motion to vacate sentence on June 3, 2016; and a motion to reduce sentence on July 12, 2016. *See* http://courtpa.macombgov.org/eservices/search.page.7.1 (search case number 2014-003849-FC) (last visited June 20, 2018).

275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Although Petitioner has exhausted issues I-IV, he has failed to exhaust issues V-IX. He has not presented the issues to the Michigan Court of Appeals or Michigan Supreme Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Typically, a petitioner would raise such issues after appeal by way of a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1).

Here, Petitioner has already filed one such motion; however, he filed it prematurely. Under Michigan Court Rule 6.508(D)(1) the trial court could not grant Petitioner's motion because his "judgment of sentence was still subject to challenge on appeal . . . ." Mich. Ct. R. 6.508(D)(1). Therefore, the Court cannot say with certainty that the state court procedure is unavailable to Petitioner. When it is uncertain whether the Michigan courts will consider the petitioner's habeas claims on the merits, this Court will presume that such state relief is available to the petitioner.

5

*Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995); *Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir. 1991). The state courts should have a full and fair opportunity to cure any constitutional infirmities in petitioner's conviction. *See Brewer*, 942 F.2d at 340.

To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Macomb County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer,* the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the

6

petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on September 12, 2017. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 12, 2017. Accordingly, absent tolling, Petitioner would have one year, until December 12, 2018, in which to file his habeas petition. Petitioner filed the instant petition on March 29, 2018, more than 250 days before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[3] Petitioner has more than

---

[3] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until

7

sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily

---

a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and order consistent with this Opinion will be entered.

Dated: June 22, 2018  /s/ Janet T. Neff
Janet T. Neff
United States District Judge